IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3286-F

| | |
|---|---|
| SAMUEL JUNIOR NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| SHELTON SOUTHERN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

On November 19, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Id. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic

Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Here, Plaintiff attempts to name two private citizens as defendants. Specifically, Plaintiff contends that, prior to his incarceration, Defendant Southern recommended that Plaintiff live with Defendant McKinsy. Compl. [DE-1], p. 3. After he was incarcerated, Plaintiff "left some personal property . . . at [Defendant] McKinsy's residency." Id.[1] Defendant McKinsy now allegedly refuses to return Plaintiff's personal property. Id.[2] "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Filarsky v. Delia, 132 S. Ct. 1657, 1661-62 (2012); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant.[3] See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Therefore, the party charged with a constitutional deprivation in a 42 U.S.C. § 1983 action generally must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir.1999). While there are

---

[1] Plaintiff contends that the value of this personal property was $12,000.00. Compl. [DE-1], p. 3.

[2] Specifically, Plaintiff notes that he unsuccessfully "sent [his] girlfriend over . . . to retrieve [his] personal property." Compl. [DE-1], p. 3.

[3] Plaintiff does not allege the personal involvement of Defendant Southern. Rather, he simply indicates that he would not have trusted Defendant McKinsy absent Defendant Southern's recommendation. Compl. [DE-1], p. 3.

2

"four exclusive circumstances[4] under which a private party can be deemed to be a state actor" and subject to § 1983 liability, DeBauche v. Trani, 191 F.3d 499, 507 (4th Cir.1999), Plaintiff has not identified any conduct by these individuals which would allow the court to find that these two private citizens acted under color of law for purposes of § 1983.[5] These two individuals are not a state actors, nor do they have a sufficiently close relationship with state actors that the court would conclude that the non-state actor is engaged in the state's actions. Id. Accordingly, Plaintiff's claims are DISMISSED.

## Conclusion

For the aforementioned reasons, Plaintiff's complaint is DISMISSED as frivolous and the Clerk of Court is directed to close this case.

SO ORDERED. This the 18 day of May, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

---

[4] Those circumstances include: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

[5] Other than § 1983, the court finds no other basis for federal jurisdiction over Plaintiff's claims. Plaintiff's claims present no federal question, nor is there diversity amongst the parties. See 28 U.S.C. §§ 1331 and 1332.